HYMAN J. COHEN, Appellant, *v.* THE CITY OF ROCHESTER, Respondent.

Fourth Department, May 16, 1923.

**Municipal corporations — city of Rochester — action to restrain city from constructing retaining wall along Genesee river — Laws of 1798-99 (1st meeting), chap. 2, declaring river public highway, not unconstitutional — injunction denied.**

In an action to restrain the city of Rochester from raising a retaining wall along the Genesee river, which supported the rear of plaintiff's building, in which the plaintiff contended that the wall was entirely upon his premises, *held*, that the plaintiff failed to prove a clear title to a part of the premises to the center of the Genesee river; furthermore, that part of the premises upon which the wall now stands is within the bed of the stream which was declared by chapter 2 of the Laws of 1798–99 (1st meeting) to be a public highway.

Said statute is not unconstitutional as to the plaintiff and an injunction restraining this public improvement is denied.

APPEAL by the plaintiff, Hyman J. Cohen, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Monroe on the 13th day of September, 1915, upon the decision of the court rendered after a trial at the Monroe Equity Term dismissing the complaint upon the merits.

This action was brought to restrain the defendant from raising a retaining wall about three feet on the westerly side of the Genesee river in the city of Rochester. The raising of the wall was authorized by the common council to prevent the river from overflowing in times of high water. The wall in question supports the rear of plaintiff's building, which extends from Front street over and beyond the wall. The plaintiff claims title from the east line of Front street to the center of the Genesse river.

*Norman Rosenberg* [*Thomas L. Toan* of counsel], for the appellant.

*Charles L. Pierce* [*George B. Draper* of counsel], for the respondent.

PER CURIAM:

The plaintiff has failed to prove a chain of title from the original source to that part of the premises east of the west face of the Carroll wall. The conveyance from Phelps and Gorham to Ebenezer Allen was bounded by the westerly shore and not by the thread of the Genesee river. (*Starr* v. *Child*, 5 Den. 599; *Child* v. *Starr*, 4 Hill, 369.) The case of *Howard* v. *City of Rochester* (28 App. Div. 622) did not involve the title to the premises occupied by the plaintiff and we follow the well-considered cases in the Court of Errors referred to. The evidence shows that all that

part of plaintiff's premises east of the west face of the Carroll wall was within the bed of the stream as it originally existed and as it was in 1798 when the Genesee river was declared by statute (Laws of 1798-99 [1st meeting], chap. 2) to be a public highway. Such statute long antedates any possession by plaintiff's predecessors and infringed no vested right to which the plaintiff has succeeded and is, therefore, not unconstitutional so far as the plaintiff is concerned. (*Town of Pierrepont* v. *Loveless*, 72 N. Y. 211.) As the wall upon which the rear of plaintiff's structure rests stands within the bed of the stream, a public highway, and is an instrumentality for keeping the waters of the stream within its bed, equity should not interfere with the carrying out of a plan by the city under legislative authority for an improvement of the works intended to prevent disastrous floods upon the highways and adjoining property.

All concur.

Judgment affirmed, with costs. The finding designated as the 20th conclusion of law in plaintiff's requests to find is disapproved and reversed and a new finding made in lieu thereof.